LAW OFFICES OF BARAK BERLIN
BARAK J. BERLIN (CASB No. 216115)
Email: Barak@BerlinLawGroup.com
27349 Jefferson Ave, Ste 208
Temecula, CA 92590
Telephone: (951) 296-6188
Facsimile: (951) 296-6187

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE PRESTON, <br><br> Plaintiff, <br><br> vs. <br><br> CMRE FINANCIAL SERVICES, INC., LAW OFFICES OF FRANKLIN J. LOVE, FRANKLIN J. LOVE and DOES 1-10, Inclusive, <br><br> Defendants. | CASE NO. <br><br> COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT <br><br> <u>JURY TRIAL DEMANDED</u> |

COMES NOW the Plaintiff, KYLE PRESTON ("Plaintiff"), by way of Complaint against the Defendants, says:

## I. PRELIMINARY STATEMENT

1. Kyle Preston ("Plaintiff"), through Plaintiff's attorney, brings this action to challenge the actions of the CMRE Financial Services, Inc., Law Offices of Franklin J. Love, and Franklin J. Love ("Defendants"), with regards to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

5. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## II. JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

8. Because Defendants do business within the State of California, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

## III. PARTIES

10. Plaintiff Kyle Preston is a natural person who resides in the City of Murrieta, County of Riverside, State of California.

11. At all times relevant to this Complaint, CMRE Financial Services, Inc. was a California Corporation with an address and principal place of business as 3075 E. Imperial Highway, #200, Brea, CA 92821.

12. At all times relevant to this Complaint, The Law Offices of Franklin J. Love was an unincorporated law firm with an address of 800 South Barranca Ave, Suite 100, Covina, CA 91723.

13. At all times relevant to this Complaint, Franklin J. Love was an individual with a business address of 800 South Barranca Ave, Suite 100, Covina, CA 91723.

14. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

16. Defendants are comprised of persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

17. Defendants, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

18. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

19. Plaintiff is informed and believes, and based on said information and belief alleges, that at all relevant times mentioned herein, each defendant was the agent, employee, joint venturer, predecessor-in-interest, successor-in-interest, co-

conspirator, alter ego or a partner of the other, and in doing the things alleged, was acting in the course and scope of said agency, employment, joint venture or other relationship. Each defendant has authorized, ratified and imposed the acts of the remaining defendants and each defendant ratified, entrusted, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-defendant, and each of them, as set forth below, and/or retained the benefits of said negligent and/or wrongful acts.

## IV. FACTUAL ALLEGATIONS

20. On or about November 21, 2014, Plaintiff is alleged to have incurred certain financial obligations.

21. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

22. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

23. Sometime thereafter, but before July 31, 2015, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff currently takes no position as to the validity of this alleged debt.

24. Subsequently, but before July 31, 2015, the alleged debt was assigned, placed, sold, or otherwise transferred, to Defendants for collection.

25. On July 31, 2015, Defendant CMRE Financial Services, Inc., by and through their attorney, The Law Offices of Franklin J. Love and Franklin J. Love, filed a verified lawsuit against Plaintiff in San Diego County Superior Court.

26. Defendants claimed that Plaintiff incurred the aforementioned obligation in San Diego County.

27. Defendants claimed that Plaintiff failed and refused to pay the alleged debt of $4,900.22.

28. In actuality, the alleged debt was incurred in Riverside County.

29. At the time the lawsuit was filed by Defendants, Plaintiff resided in Riverside County.

30. On February 6, 2014, Plaintiff paid $1,312.46 towards the alleged debt, therefore decreasing the amount allegedly owed to a maximum of $3,587.76.

31. Plaintiff was forced to defend himself in a judicial district over an hour away from his home, in a different county.  This is in spite of the fact that Riverside County has courtrooms available for these types of cases.

32. Plaintiff was required to pay additional fees for e-filing his answer in San Diego County Superior Court.  Riverside County Superior Court allows e-fax filing.  Plaintiff's attorney does not charge any additional for this service as Riverside County has an annual fee for unlimited filing.

33. Plaintiff has and will be required to pay additional fees in Plaintiff's attorney hourly fees for traveling to San Diego County Court versus a shorter travel time to Riverside County Courts.

34. Plaintiff has and will be required to pay higher fees for parking near San Diego County Court versus less expensive parking for Riverside County Courts.

### V. CAUSES OF ACTION

**COUNT I**
**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**
**15 U.S.C. §§ 1692 ET SEQ.**

35. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

36. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §1692e and 15 U.S.C. §1692i.

37.   15 U.S.C. §1692e provides that

a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section....

(2)   The false representation of –

(A)   the character, amount, or legal status of any debt....

38.   15 U.S.C. §1692i provides that

(a) Any debt collector who brings any legal action on a debt against any consumer shall –

(2) … bring such action only in the judicial district …

(A) in which such consumer signed the contract sued upon; or

(B) in which such consumer resides at the commencement of the action.

39.   As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages, including emotional distress, pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

**COUNT II**
**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
**(ROSENTHAL ACT)**
**CAL.CIV.CODE §§ 1788-1788.32**

40.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

41.   The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

42. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages, including emotional distress, pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendants.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor as follows:

A. **For the FIRST CAUSE OF ACTION**:
   (i) An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1), including emotional distress.
   (ii) An award of the maximum statutory damages for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A);
   (iii) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3);
   (iv) Treble damages of all amounts awarded pursuant to A(i), A(ii), and A(iii), supra, pursuant to California Code Section 3345; and
   (v) For such other and further relief as may be just and proper.

B. **For the SECOND CAUSE OF ACTION**:
   (i) An award of actual damages pursuant to Cal. Civil Code §1788.30(a), including emotional distress;
   (ii) An award of the maximum statutory damages for Plaintiffs pursuant to Cal. Civil Code §1788.30(b);
   (iii) Attorney's fees, litigation expenses, and costs pursuant to Cal. Civil Code §1788.30(c);
   (iv) Treble damages of all amounts awarded pursuant to A(i), A(ii), and A(iii), supra, pursuant to California Code Section 3345; and
   (v) For such other and further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, Kyle Preston, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

DATED:  July 29, 2016         **LAW OFFICES OF BARAK BERLIN**


/s/ Barak J. Berlin
BARAK J. BERLIN
Attorneys for Plaintiff Kyle Preston